## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

PATRICIA VALIENTE,

      Plaintiff,

vs.

MARIANO RIVERA,
CAMILO BERNAL,
PATRICK JOYCE,
ROY SCIACCA, and
WORLDVIBE ENTERTAINMENT
GROUP, LLC, a/k/a
WORLDVIBE ENTERTAINMENT
GROUP ARUBA, LLC,

      Defendants.

_____/

# 09-23053

**JURY TRIAL DEMANDED**

## CIV-UNGARO

MAGISTRATE JUDGE
SIMONTON

```
FILED by ΓJS     D.C.
INTAKE

OCT 0 9 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI
```

### CIVIL COMPLAINT

The Plaintiff, Patricia Valiente, by and through her counsel, Parron & Associates, P.L., brings this action against Defendants Mariano Rivera, Camilo Bernal, Patrick Joyce, Roy Sciacca, and Worldvibe Entertainment Group, LLC, a/k/a Worldvibe Entertainment Group Aruba, LLC and alleges as follows:

### JURISDICTION AND VENUE

1. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

2. At all times material hereto, Plaintiff Patricia Valiente has been a citizen of the country of El Salvador.

3. Defendant Worldvibe Entertainment Group, LLC, a/k/a Worldvibe Entertainment Group Aruba, LLC ("Worldvibe") is a Florida limited liability company.

1

4.  Defendant Mariano Rivera ("Rivera") is a resident of Broward County, Florida and, at all times material hereto, was Chief Executive Officer and/or an officer of Worldvibe.

5.  Defendant Camilo Bernal ("Bernal") is a resident of Miami-Dade County, Florida and, at all times material hereto, was an officer of Worldvibe.

6.  Defendant Patrick Joyce ("Joyce") is a resident of New York, is currently the Chief Executive Officer of Worldvibe and/or was an officer of Worldvibe at all times material hereto.

7.  Defendant Roy Sciacca ("Sciacca") is a resident of Miami-Dade County, Florida and, at all times material hereto, was the Chief Executive Officer and/or an officer of Worldvibe Entertainment Group, LLC.

8.  Defendant Sciacca accepted, agreed to and executed all of the contracts relevant to this action on Defendants' behalf.

9.  Venue is proper in this Court because Defendant Sciacca is a resident of Miami Dade County and all of the causes of action giving rise to this case accrued in Miami Dade County.

10. A contract (the "Commission Agreement," attached hereto as Exhibit A) between Ms. Valiente and Defendant also provides that this Court will be the proper venue.

11. Defendants Rivera, Bernal, Joyce, Sciacca, and Worldvibe are herein referred to, individually and collectively, as "Defendants."

## NATURE OF THE ACTION

This Complaint arises out of the Defendants' breach of three separate contracts with Plaintiff Patricia Valiente.

12. Between the months of May 2008 and June 2009, Defendants entered into a minimum of three contracts with Ms. Valiente in which Defendants promised to compensate her for her services and to give her a share of gross monies collected relating to the production of a music-based reality television program titled "Batalla de Las Americas" ( "Batalla Show").

13. Between May 2008 and June 2009, Ms. Valiente performed services for Defendants including but not limited to securing revenue generating contracts and other revenue generating opportunities for Defendants from which Defendants collected monies upon and were enriched.

14. Despite Ms. Valiente's efforts and despite the Defendants' substantial monies collected as a result thereof, the Defendants have failed or refused to pay Ms. Valiente the amounts promised to her as per the contracts.

15. Defendants entered into the agreements with Ms. Valiente through fraudulent and/or negligent misrepresentations and have been unjustly enriched thereby.

16. As a result of Defendants' breaches, Ms. Valiente has suffered substantial economic damages, including but not limited to lost salary and commissions, costs, and attorney's fees.

## ALTER EGO

17. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

18. Defendants Worldvibe Entertainment Group, LLC, and Worldvibe Entertainment Group Aruba, LLC, are alter-egos of Rivera, Bernal, Joyce and Sciacca.

19. Defendants executed the agreements under the name Worldvibe Entertainment Group, LLC and/or Worldvibe Entertainment Group Aruba, LLC.

20. Defendants falsely represented in the agreements that Worldvibe Entertainment Group, LLC and/or Worldvibe Entertainment Group Aruba, LLC would pay Ms. Valiente a salary and commission from contracts secured by Worldvibe Entertainment Group, LLC or Worldvibe Entertainment Group Aruba, LLC relating to the Batalla Show.

21. The Florida Supreme Court has held that where an agent or stockholder uses the name of a corporation "merely as a convenience for the completion of [a] transaction . . . to mislead creditors or perpetrate a fraud upon them, the legal entity in the name of which the transaction was carried will be ignored and the parties held to individual liability." Third Avenue Co., et al. v. Keely, et al. 111 Fla. 46, 50 (Fla. 1933).

22. Defendants Rivera, Bernal, Joyce, and Sciacca have used Worldvibe Entertainment Group, LLC and Worldvibe Entertainment Group Aruba, LLC as aliases to assure Ms. Valiente of the legitimacy of the agreements, enrich themselves through contracts with third parties (including those secured by Ms. Valiente), attempt to avoid liability, and constitute a fraud upon Ms. Valiente.

4

23. Defendants Rivera, Bernal, Joyce, and Sciacca have used the names Worldvibe
Entertainment Group, LLC and/or Worldvibe Entertainment Group Aruba, LLC, in
their course of dealings with Ms. Valiente and in Defendant's representations to
the public.

24. Plaintiff Patricia Valiente respectfully asks this Court to find that Defendants
Worldvibe Entertainment Group, LLC and Worldvibe Entertainment Group Aruba,
LLC, are alter-egos of Defendants Rivera, Bernal, Joyce, and Sciacca, and thus
the Defendants are jointly and severally liable.

## COUNT I
## BREACH OF COMMISSION AGREEMENT

25.     Plaintiff realleges and reincorporates paragraphs 1 through 16 as if they
were fully set forth herein.

26.     On or about May 7, 2008, Defendants executed the Commission
Agreement with Ms. Valiente, relating to the Batalla Show, which authorized Ms.
Valiente as Defendants' Territory Representative in Honduras.

27.     The Commission Agreement authorized Ms. Valiente to plan, promote,
and conduct auditions for the Batalla Show ("Batalla Auditions").

28.     Defendants also authorized Ms. Valiente to act as their exclusive
representative in Guatemala and Central America. ("June 1, 2009 Letter", attached
hereto as Exhibit B).

29.     In the Commission Agreement, Defendants agreed to pay Ms. Valiente
seventy-percent (70%) of all of the monies collected from participants, sponsorship
agreements and promotional activities in the Batalla Auditions.

30.     In reliance on the Commission Agreement, Ms. Valiente secured an agreement with the company Tecnovision Canal 33 ("Tecnovision") for sponsorship revenues on behalf of Defendants for the Batalla Auditions.

31.     Furthermore, Ms. Valiente did not seek any other employment during the life of this agreement.

32.     In a Letter of Commitment dated November 8, 2008 (attached hereto as Exhibit C), Defendants reaffirmed that they owed Ms. Valiente $15,000.00 as a result of her efforts under the Commission Agreement and that Defendants would pay Ms. Valiente this amount no later than December 20, 2008.

33.     To date, Ms. Valiente has not received the amounts due to her from Defendants under the Commission Agreement.

34.     Accordingly, Defendants have breached the Commission Agreement.

35.     The Commission Agreement provides that in the event of litigation concerning the Commission Agreement, the prevailing party is entitled to reasonable costs, including but not limited to costs and attorney's fees incurred in such litigation.

36.     As a consequence of the Defendants' breach, Ms. Valiente has suffered financial damages.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF SALARY AGREEMENT

6

37. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

38. On or about November 12, 2008, Defendants entered into a contract with Ms. Valiente in which Defendants agreed to pay Ms. Valiente a salary of $4,000 a month ("Salary Agreement," attached hereto as Exhibit D) for her professional services as Defendant's Territory Representative for the Batalla Show.

39. In reliance on the Salary Agreement, Ms. Valiente did not seek any other employment during the life of this agreement

40. Defendants have failed or refused to pay Ms. Valiente her salary owed under the Salary Agreement.

41. Accordingly, Defendants have breached the Salary Agreement.

42. As a consequence of the Defendants' breaches, Patricia Valiente has suffered financial damages.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT III
## BREACH OF ADVERTISING/SPONSORHIP COMMISSION AGREEMENT

43. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

44. On or about November 18, 2008, Defendants entered into a contract with Ms. Valiente ("Advertising/Sponsorship Commission Agreement," attached hereto as Exhibit E).

45. In the Advertising/Sponsorship Commission Agreement, Defendants agreed to pay Ms. Valiente a commission of 3% of the gross monies collected by Defendants from any agreements entered into with telecommunication companies, and 8% of the gross monies collected by Defendants from any and all other companies for the Batalla Show within thirty (30) days of collection of by Defendants.

46. Contracts with companies, including but not limited to, Coca Cola, MasterCard, and "Dr. Rey" relating to the Batalla Show were secured and monies were collected by Defendants.

47. Furthermore, there is evidence that agreements were also secured with telecommunication companies for the Batalla Show and monies were collected by Defendants.

48. It is estimated that the sum of the monies collected by Defendants on these contracts are in excess of One Million Dollars ($1,000,000.00).

49. Defendants have failed or refused to pay Ms. Valiente her commissions owed under the Advertising/Sponsorship Commission Agreement.

50. Accordingly, Defendants have breached the Advertising/Sponsorship Commission Agreement.

51. As a consequence of the Defendants' breaches, Patricia Valiente has suffered financial damages.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

### COUNT IV
### FRAUD IN THE INDUCEMENT

52. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

53. The representations made by Defendants to Ms. Valiente in the above-references agreements and reaffirmations were material and false.

54. Defendants entered into multiple oral and written agreements promising Ms. Valiente payment for her services rendered in the development and production of the Batalla Show as well as commissions on monies collected by Defendants for sponsorships.

55. In numerous emails spanning from 2008 to 2009, Defendants falsely assured Ms. Valiente that she would be paid for her services rendered and for sponsorship monies collected by Defendants as per their agreements.

56. Defendants made these false representations with the intent that Ms. Valiente rely on them to her detriment and continue to perform services for Defendants.

57. These false representations induced Ms. Valiente to continue to perform services for Defendants and constituted a fraud upon Ms. Valiente.

58. In reliance on Defendants' false representations, Ms. Valiente did not seek any other employment during the life of their agreements.

59. As a result of the Defendants' false representations, as are more specifically set forth above, Ms. Valiente suffered damages in excess of $38,400 plus her owed commissions totaling: 8% of the gross monies collected by Defendants from sponsorships by companies, including but not limited to, Coca Cola, MasterCard, and "Dr. Rey" and 3% of the gross monies collected by Defendants from sponsorships by telecommunication companies.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION

60. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

61. The representations made by the Defendants to Ms. Valiente concerning the oral and written promises to pay her for her services rendered and as per the Commission Agreement, Salary Agreement and the Advertising/Sponsorship Commission Agreement were material and false.

62. Defendants knew or should have known that the representations were false when made.

10

63. Defendants made the false promises concerning payment intending or expecting that Ms. Valiente would rely on them.

64. Ms. Valiente justifiably relied on these promises to her detriment by, for example, foregoing other employment opportunities during the life of her agreements with the Defendants.

65. As a result of the Defendants' false representations, as are more specifically set forth above, Plaintiff has suffered damages in excess of $38,400 plus her owed commissions of: 8% of the gross monies collected by Defendants from companies for sponsorships, including but not limited to, Coca Cola, MasterCard, and "Dr. Rey" and 3% of the gross monies collected by Defendants for sponsorships from telecommunication companies.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT VI
## UNJUST ENRICHMENT

66. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if same were fully set forth herein.

67. Ms. Valiente conferred substantial benefits upon Defendants by fully performing in accordance with all of the agreements.

11

68. Ms. Valiente has performed all of the above mentioned duties under the agreements, from the period of October 2008 to June 2009, that have directly benefitted the Defendants.

69. On or about November 2008, Ms. Valiente secured a contract with Tecnovision on behalf of Defendants.

70. Defendants failed to pay Ms. Valiente monies due to her for the Tecnovision contract totalinmg a minimum of $10,400, as Defendants had agreed to in the Commission Agreement.

71. Defendants failed to pay Ms. Valiente monies collected by Defendants from contracts with companies, including but not limited to, Coca Cola, MasterCard, and "Dr. Rey" for the Batalla Show in an amount to be determined once discovery is allowed by this Court.

72. Furthermore, there is evidence that Defendants failed to pay Ms. Valiente monies owed to her from Defendants agreements with telecommunication companies for the Batalla Show in an amount to be determined once discovery is allowed by this Court.

73. It is estimated that the sum collected from these contracts benefited the Defendants in an amount exceeding One Million Dollars ($1,000,000.00).

74. Defendants have repudiated their obligations to Ms. Valiente by failing to pay her the monies owed under the Commission Agreement, the Salary Agreement and the Advertising/Sponsorship Commission Agreement.

75. Throughout the relevant time period, Defendants knew that Ms. Valiente was fully performing in accordance with the agreements and Defendants consistently

acknowledged the amounts owed and expended by Ms. Valiente in carrying out her duties.

76. Throughout the relevant time period, Defendants voluntarily accepted and retained the benefits conferred upon them by Ms. Valiente herein.

77. Ms. Valiente has suffered damages in the minimum amount of $38,400 plus her owed commissions from monies collected from Defendants contracts with companies, including but not limited to, Coca Cola, MasterCard, "Dr. Rey," and telecommunication companies as a result of Defendants' fraudulent misconduct.

78. Under the circumstances, Defendants have been unjustly enriched. It would be inequitable for Defendants to retain the benefits obtained through their misconduct.

WHEREFORE Plaintiff Patricia Valiente respectfully asks this Court to enter a judgment in her favor and against Defendants, individually and collectively, for compensatory damages (the right to seek leave to amend to add a claim for punitive damages is reserved), together with prejudgment interest, costs and attorneys' fees, together with such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Patricia Valiente hereby demands a jury trial on all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Patricia Valiente prays for judgment against

Defendants as follows:

a) For compensatory damages on each cause of action, according to proof to be

established at trial;

b) For reasonable attorney fees and costs of suit; and

c) For such other relief as the Court may deem just and proper.


Respectfully submitted this _9th_ day of October 2009,

COUNSEL FOR PLAINTIFF

IVAN J. PARRON
Florida Bar No. 0021203
Parron & Associates, P.L.
300 South Pointe Drive, Suite 707
Miami Beach, FL 33139
Telephone No. (888) 457-3777
Facsimile No. (305) 402-3366

14

≈JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**09-23053**

## I. (a) PLAINTIFFS
Patricia Valiente

CIV-UNGARO

### DEFENDANTS
Mariano Rivera, Patrick Joyce, Roy Sciacca, WorldVibe Entertainment Group, LLC a/k/a WorldVibe Entertainment Group
Acubel, LLC

**(b)** County of Residence of First Listed Plaintiff   El Salvador
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MAGISTRATE JUDGE
SIMONTON

Parron & Associates, P.A.
300 S. Pointe Drive, Suite 707
Miami Beach, FL 33139    888-457-3771 Tel

Attorneys (If Known)

FILED by ___ D.C.
INTAKE

OCT 09 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09-CV-23053-Ungaro/Simonton

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page:)
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE TBD    DOCKET NUMBER   TBD

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC §1332(a)(3) Amount in controversy exceeds $75,000.00 and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.
LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $  TBD    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  10/09/09

**FOR OFFICE USE ONLY**
AMOUNT $350.00    RECEIPT # 1009799

10/09/09